09-3021-ag
Singh v. Holder

BIA
A090 234 465

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
>    *Circuit Judges.*

_____

AVTAR SINGH,
>    *Petitioner,*

> v.                                         09-3021-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Avtar Singh, *pro se*, Valley Stream, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Paul Fiorino, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Avtar Singh, a native and citizen of India, seeks review of the BIA's June 22, 2009, decision denying his motion to reopen. *In re Avtar Singh,* No. 090 234 465 (B.I.A. June 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, we generally lack jurisdiction to review a final order of removal resulting, as in this case, from a conviction for a crime of moral turpitude. 8 U.S.C. §§ 1252(a)(2)(C), 1182(a)(2)(A)(i)(I). Notwithstanding this provision, we retain jurisdiction to review "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, Singh's claim that he was prejudiced by ineffective assistance of counsel raises a constitutional issue over which we retain jurisdiction. 8 U.S.C. § 1252(a)(2)(D); *Iavorski v. INS*, 232 F.3d 124, 134-35 (2nd Cir. 2000). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

2

It is undisputed that Singh's January 2009 motion to reopen was untimely, because it was filed more than one year after the BIA's December 2007 decision. 8 C.F.R. § 1003.2(c)(2). However, under the doctrine of equitable tolling, an alien who demonstrates ineffective assistance of counsel may be excused from compliance with the applicable time bar. *See Rashid v. Mukasey*, 533 F.3d 127, 130-131 (2d Cir. 2008). Singh argues that the ineffective assistance of his former counsel should have excused the untimely filing of the motion.

In order to warrant equitable tolling, an alien must demonstrate, *inter alia*, that he was prejudiced by counsel's ineffective performance. *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). To show prejudice, the alien "must allege facts sufficient to show 1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance." *Id*. at 882 (internal quotation marks omitted). Singh argues that he was prejudiced by counsel's failure to adequately prepare him for his hearing "by advising him about the type of questions that could be asked" and asserts that if counsel had so prepared him, he "would have refreshed his memory before going on the stand

3

and would have answered the . . . questions more coherently and thus could have avoided the adverse credibility finding." This argument is unavailing, as Singh was asked about facts with respect to his own life, including the number of times his driver's license was suspended, facts about his criminal history, and information about his income. The inconsistencies internal to Singh's testimony, as well as between his testimony and other evidence, are too significant to be attributable to lack of preparation by Singh's counsel. *Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 270 (2d Cir. 2006) ("While petitioner[] may assert a claim of ineffective assistance of counsel . . . due process does not insulate a petitioner from the consequence of his own dishonest acts."). Because Singh failed to demonstrate that he was prejudiced by ineffective assistance of counsel, the BIA did not abuse its discretion in denying his motion to reopen as untimely.

For the foregoing reasons, these petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4