# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60440

MANUEL CALEL-CHITIC

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 113 452

Before REAVLEY, WIENER, SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Manuel Calel-Chitic ("Petitioner") arrived in the United States in 2004 from Guatemala and sought asylum here. He contends that because he witnessed a crime committed by government officials in his hometown, he is subject to being persecuted on return there either (1) as a member of the social group comprising government informants or (2) for his implicit pro-State political view. The Immigration Judge ("IJ") held that Petitioner is ineligible for a grant of asylum, even though his life might be in danger if he returns to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hometown, because any persecution that would occur there would be based on neither his membership in a social group nor his political views. The Bureau of Immigration Appeals ("BIA") agreed, as do we, so we deny Petitioner's petition for review.[1]

## I. FACTS AND PROCEEDINGS

The facts are not in dispute. While walking home from school in 1998 in their home town of Chiche, Guatemala, Petitioner and his brothers saw local officials, former military officers, and other men unloading military-style weapons from a truck in what appeared to be an illicit arms trafficking transaction. The men beat Petitioner and his brothers and warned them never to tell anyone what they had seen. Petitioner and his brothers have endured threats ever since, and one brother was killed in an apparently related incident. Some six years later, Petitioner fled to this country to escape the threats on his life.

Following his illegal entry into the United States, Petitioner sought asylum, which the IJ denied. On remand by the BIA on an unrelated legal question, the IJ again denied Petitioner's asylum petition. The BIA affirmed, issuing a final removal order.

## II. STANDARD OF REVIEW

We have jurisdiction over final removal orders of the BIA.[2] We review the BIA's factual findings for substantial error and its legal conclusions *de novo*.[3]

---

[1] Petitioner also seeks mandatory withholding of removal, which entails a nearly identical showing to that required for asylum status. *See* 8 U.S.C. § 1231(b)(3). As we explain, Petitioner fails to demonstrate that he is being persecuted based on his "race, religion, nationality, membership in a particular social group, or political opinion," so he is ineligible for withholding and that relief is denied as well. *See id*.

[2] 8 U.S.C. § 1252 (2005).

[3] *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The BIA's opinion "must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). "Substantial evidence" requires that

In this case, we will consider the underlying IJ opinion, because the BIA largely adopted the findings of the IJ without elaboration.[4] Reversal is permissible only if the evidence does not just support a contrary conclusion, but *compels* it.[5] The applicant for asylum has the burden of proving that the evidence compels reversal.[6]

## III. ANALYSIS

An alien seeking asylum pursuant to 8 U.S.C. § 1158(b)(1) must first demonstrate that he is a "refugee," that is, he is unable or unwilling to return to his country of citizenship or residence because of a "well-founded fear of persecution on account of [(1)] race, [(2)] religion, [(3)] nationality, [(4)] membership in a particular social group, or [(5)] political opinion."[7] Petitioner contends that the latter two enumerated bases — membership in a particular social group and political opinion — apply to his case.[8]

### A. Jurisdiction

The government contends that we are without jurisdiction to hear this case because Petitioner failed to exhaust his administrative remedies, as

---

the decision be based on the evidence presented and be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

[4] *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

[5] *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)); *see also* 8 U.S.C. § 1252(b)(4).

[6] *Chen*, 470 F.3d at 1134. The burden of proof is by a "preponderance of the evidence." *Matter of Acosta*, 19 I&N Dec. 211, 215 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987).

[7] 8 U.S.C. § 1101(a)(42); *see also*, *e.g.*, *INS v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987).

[8] The IJ considered and rejected Petitioner's contention that he was being and again will be persecuted because he is of Mayan descent. Petitioner has since abandoned that contention.

required by statute.[9] According to the government, Petitioner never specifically raised the question whether his position as a witness to a crime involving government officials placed him in a specific social group for the purposes of an asylum analysis. We cannot accept the government's view. Petitioner has maintained since the initiation of this action that he is in danger because of the illegal acts that he witnessed being committed by former and current government officials. The IJ ruled that Petitioner failed to prove his eligibility for asylum on *any* of the five enumerated bases, specifically stating that Petitioner's contention that he feared retaliation by those he saw committing the criminal acts was not a permitted ground for asylum. We conclude that Petitioner sufficiently raised the issues now before us, so that we have jurisdiction to consider his petition for review.

## B. Membership in a Social Group

As noted, Petitioner asserts two grounds in support of his asylum claims: (1) He is a member of a particular social group consisting of witnesses to crimes committed by government officials ("government witnesses");[10] (2) his tormentors are persecuting him because of his political opinion, *viz.*, they perceive him as anti-crime and therefore pro-State. As Petitioner offers no evidence whatsoever in support of the latter argument, and finding it singularly unpersuasive, we reject it out of hand.

Petitioner's social-group argument does him little more good. Although it is not impossible that some "particular social group" could be made up of

---

[9] 8 U.S.C. § 1252(d)(1); *see also Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009) (citing *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001)), *pet. for reh'g denied*, No. 07-60814 (June 8, 2009).

[10] The parties characterize Petitioner as arguing that he is a member of a class of government informants. We find this somewhat misleading, as we find no evidence in the record that he ever acted as a government informant or, indeed, ever told anyone in Guatemala that he and his brothers witnessed the arms deal. For this reason, we refer to Petitioner's putative "social group" as being that of "government witnesses."

government witnesses, he has not demonstrated that such is the case here. A social group must be readily identifiable[11] and have at least one immutable characteristic so fundamental to an individual's identity that he cannot change it or should not be required to change it.[12] Critically, the individual seeking asylum must demonstrate that his persecution is *because of* his membership in that social group. "The social group category was not meant to be a 'catch all' applicable to all persons fearing persecution."[13]

Petitioner has shown only that a gang of local criminals has threatened him because they do not want to be caught and convicted. Petitioner has not shown that he is identifiable as a member of a determinable group of government witnesses who suffer persecution in Guatemala, nor that his tormentors have any interest in persecuting government witnesses generally as a group. Petitioner's putative persecutors appear interested only in insulating themselves from prosecution. The threats are specific to Petitioner and to one occurrence that he and his brothers witnessed on one afternoon in 1998, and not because of his membership in any recognizable social group.[14] Criminal

---

[11] *In re C-A*, 23 I&N Dec. 951, 960 (BIA 2006) (considering whether noncriminal informants comprise a "particular social group" and holding that they do not); *see also Scatambuli v. Holder*, 558 F.3d 53, 60 (1st Cir. 2009) (affirming BIA decision finding that "[w]itnesses in criminal cases, or other investigations, do not share a characteristic which identifies them to others."); *In re A-M-E & J-G-U*, 24 I&N Dec. 69, 74 (BIA 2007) (shared characteristic of social group should be one that is generally recognizable to others in the community).

[12] *Matter of Acosta*, 19 I&N Dec. 211, 233-34 (BIA 1985).

[13] *In re C-A*, 23 I&N Dec. at 960.

[14] Petitioner has contended that he need not demonstrate motive with precision, relying on cases in which the asylum-seeker may not have evidence of his persecutors' precise motives. *See, e.g.*, *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). But the weakness in Petitioner's argument is not a lack of evidence of motive; rather, it is that the evidence shows that he has been threatened out of criminal retaliation, not because of his membership in a particular social group. *In re S-P*, 21 I&N Dec. 486, 495 (BIA 1996) ("[T]he task of the alien is to demonstrate the reasonableness of a motivation which is related to one of the enumerated

retaliation such as this is not a basis for asylum,[15] and holding otherwise would transform asylum into a garden variety witness protection program.

Petitioner has not established that the persecution he fears targets members of one or more of the five exclusive categories enumerated in 8 U.S.C. § 1101(a)(42), so he fails to meet the definition of "refugee." As this ends our inquiry, we do not reach the question whether his fear of persecution is well-founded.

## IV. CONCLUSION

Petitioner has failed to demonstrate that he is eligible for asylum, so his petition for review is DENIED.

---

grounds.") (internal quotation marks and citation omitted).

[15] *See*, *e.g.*, *Scatambuli*, 558 F.3d at 61; *In re C-A*, 23 I&N Dec. at 952 ("the group of noncriminal informants is not a 'particular social group'"); *see also In re A-M-E & J-G-U*, 24 I&N Dec. at 76 (threats of criminal extortion are not a basis for asylum); *Romilus v. Ashcroft*, 385 F.3d 1, 6 (1st Cir. 2004) ("The [Immigration and Nationality Act] is not intended to protect aliens from violence based on personal animosity.").