# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60872
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2014

Lyle W. Cayce
Clerk

ERIKA MARISOL SALINAS-PACHECO,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 201 297 271

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Erika Marisol Salinas-Pacheco, a native and citizen of Honduras, petitions this court to review the decision of the Board of Immigration Appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60872

("BIA") dismissing her appeal of the order of the Immigration Judge ("IJ") denying her application for asylum and withholding of removal. Salinas-Pacheco claims that she was entitled to asylum and withholding of removal because she was persecuted and fears persecution on account of her membership in a particular social group, specifically, young women who resist gang recruitment.

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are subject to *de novo* review, and factual findings are reviewed for substantial evidence. *Id.* Under the substantial-evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).

Contrary to Salinas-Pacheco's assertion, the BIA applied the appropriate social-visibility and particularity test to her claim that she was a member of a particular social group. In considering whether a particular social group exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society and (2) whether the group can be defined with sufficient *particularity* to delimit its membership." *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks and citations omitted).

As with the petitioner in *Orellana-Monson*, Salinas-Pacheco's purported group lacks particularity because it "encompasses a wide swath of society crossing many political orientations, lifestyles, and identifying factors." *Id.* at 522. Additionally, Salinas-Pacheco's proposed group lacks social visibility because there is no evidence that young women who were recruited to join

No. 13-60872

gangs but refused to do so would be perceived by society or by the gangs as young women "non-recruits." *See id.* Thus, the BIA's determination that Salinas-Pacheco failed to show persecution on account of membership in a particular social group, as required to succeed on a claim for asylum or withholding of removal, is substantially reasonable. *See Shaikh*, 588 F.3d at 863.

Because Salinas-Pacheco cannot demonstrate that she is eligible for asylum, she also cannot show that she meets the higher standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Accordingly, the petition for review is DENIED.