# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60443
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2019

Lyle W. Cayce
Clerk

ELSA MARISOL CORNEJO-BONILLA; JEYMI JOHANA SANTAMARIA-CORNEJO,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of Orders of the
Board of Immigration Appeals
BIA Nos. A208 537 326; A208 537 325

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioners Elsa Marisol Cornejo-Bonilla and her daughter, Jeymi Johana Santamaria-Cornejo, seek review of the Board of Immigration Appeals' (BIA) summary affirmance of an Immigration Judge's (IJ) opinion that Petitioners did not qualify for asylum or withholding of removal. The issue of statutory exhaustion is close, but we find jurisdiction and DENY the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60443

The IJ found that Petitioners, a mother-daughter pair from El Salvador, failed to establish past persecution or a well-founded fear of future persecution on account of their membership in a particular social group. Their claim was that MS 13 gang members repeatedly threatened then-16 year old Jeymi if she refused to become the "girlfriend" of one of them and after two months, threatened the mother as well. Further, when Cornejo-Bonilla approached the police about this harassment, official help was denied. After the adverse IJ ruling, Petitioners filed a notice of appeal with the BIA, stating:

> The [IJ] erred in denying respondent's application for Asylum pursuant to INA sec. 208 and respondent's request for Withholding of Removal pursuant to INA sec. 241(b)(3). Respondent through her written application and credible testimony demonstrated that she suffered past persecution on account of her membership in a particular social group which she properly defined as "mother's and daughter's unable to escape threats from gang members."

Although the notice of appeal also indicated that Petitioners intended to file a separate brief or statement in support of their appeal, they did not do so.[1] Instead, Petitioners requested an extension of the filing deadline on the date the brief was due. The BIA did not rule on the extension request and, approximately three months later, summarily affirmed the IJ's decision "without opinion" pursuant to 8 C.F.R. § 1003.1(e)(4). The IJ's decision therefore became the final agency determination. § 1003.1(e)(4)(ii). Petitioners filed a timely petition for review.

---

[1] "A petitioner seeking review of an IJ's decision must file a notice of appeal with the BIA, *see* 8 C.F.R. § 1003.3(a)(1), but is not required to file a brief in support of the appeal, *see* 8 C.F.R. § 1003.38(f)." *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). Nevertheless, the presence or absence of a brief may affect petitioners' rights. For example, some of our sister circuits have indicated that issues raised in the notice of appeal but not addressed in the appellant's brief are considered waived and therefore not exhausted for the purposes of 8 U.S.C. § 1252(d)(1). *See id.* at 318 (discussing the positions of the Third, Sixth, and Ninth Circuits).

Petitioners contend that the BIA legally erred in affirming, without opinion, the IJ's determination that they failed to establish past persecution or a well-founded fear of future persecution on account of their membership in a particular social group.  They argue that the IJ failed to consider the number and intensity of the threats, specifically:  (1) that the daily threats were not only to recruit Jeymi, but also "because the gang wanted forced sexual relations[,] . . . and not merely a relationship," with Jeymi; and (2) that the threats "were not mere harassment or discrimination . . . because they threatened rape against [Jeymi] and death to both Petitioners if [Jeymi] did not submit [to] the gang."  Petitioners also contend that the emotional harm they suffered was on account of their membership in the particular social group consisting of "mothers and daughters unable to escape threats from gang members."  They assert that "as Salvadoran women unable to enlist the help of police," they shared a vulnerability that served as an immutable characteristic of their particular social group.  The Government counters that this court lacks jurisdiction to consider these issues because Petitioners failed to exhaust their administrative remedies.

Judicial review of a final removal order is available only where the petitioner has exhausted all administrative remedies of right.  8 U.S.C. § 1252(d)(1).  Because the exhaustion requirement is statutorily mandated, a petitioner's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue.  *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).  "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA— either on direct appeal or in a motion to reopen."  *Id.* at 452-53.  To satisfy the exhaustion requirement, the "petitioner must raise, present, or mention an issue to the BIA" or otherwise take "some affirmative action" to present a

"concrete statement before the BIA to which [the petitioner] could reasonably tie [his] claims before this court." *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009) (internal quotation marks and citations omitted).

Although we conclude that Petitioners exhausted their administrative remedies in this case, it is a close call. We have found that an issue was adequately exhausted when raised before the BIA "in a less developed form," *Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 206 (5th Cir. 2007), and we have held that general claims can encompass more specific claims. *Burke v. Mukasey*, 509 F.3d 695, 696 (5th Cir. 2007). Likewise, "subsequent variations in analysis or changes in the scope of an argument do not render an issue unexhausted." *Vasquez v. Sessions*, 885 F.3d 862, 868 (5th Cir.), *cert. denied*, 138 S. Ct. 2697 (2018). Nevertheless, conclusory statements are insufficient to raise an issue before the BIA, thereby exhausting administrative remedies. *See Townsend v. INS*, 799 F.2d 179, 181-82 (5th Cir. 1986) (holding that the petitioner's conclusory statement that he had "sufficiently established his well founded fear of persecution according to present case law" was inadequate to preserve his asylum claim for the BIA's review).

Petitioners' notice of appeal to the BIA only marginally rises above the level of a conclusory statement. It at least provides the grounds on which Petitioners believe the IJ erred and states the group in which they claim membership. Arguably, the notice of appeal raised issues about whether the threats rose to the level of persecution; whether the purported particular social group was legally cognizable; and whether the harm they claim to have suffered was on account of their membership in that particular social group. Petitioners did not, however, address the immutability, particularity, or social distinction of their purported particular social group before either the IJ or BIA and rely wholly on its identification in the notice of appeal. That the BIA

No. 18-60443

summarily affirmed pursuant to 8 U.S.C. Sec. 1003.1(e)(4), rather than choosing to dismiss for lack of specificity or failing to file a brief, Secs. 1003.1(d)(2)(i)(A), (E), seems to indicate the Board's rejection of their claims on the merits.　Consequently, we may conclude that Petitioners exhausted their claims to the BIA.

Nevertheless, Petitioners have failed to show that the evidence compels a conclusion contrary to that reached by the IJ.　The IJ's factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo.　*Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, a petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion."　*Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).　This court "appl[ies] this standard in reviewing an IJ's factual conclusion that an applicant is not eligible for asylum, withholding of removal, and relief under the Convention Against Torture."　*Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

To be eligible for asylum as a refugee, the applicant must show that she is a person who is outside of her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."　8 U.S.C. § 1101(a)(42)(A).　The applicant must show "that she was persecuted in the past on account of one of the five statutory grounds or that she has a well-founded fear of being persecuted in the future because of one of those grounds."　*Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018); *see also* 8 C.F.R. § 1208.13(b)(1)-(2).

Persecution is the "infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive . . . , in a manner condemned by civilized governments." *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (internal quotation marks and citation omitted). Although the harm need not be physical, *id.*, mere denigration, harassment, and threats do not amount to persecution. *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Cornejo-Bonilla acknowledged that she was never threatened personally and that Jeymi was never physically harmed. Moreover, there is some discrepancy between Cornejo-Bonillia's characterization of the threats against Jeymi before this court and her portrayal before the IJ. Thus, the IJ's determination that the threats did not rise to the level of persecution is supported by substantial evidence and consistent with our precedent. *See, e.g., Eduard*, 379 F.3d at 188 (holding that substantial evidence supported a finding that the harm did not rise to the level of past persecution where the petitioner had experienced harassment, threats, and one episode of minor violence).

Petitioners also cannot establish a well-founded fear of persecution on account of a protected ground. An asylum applicant claiming membership in a particular social group must show that she is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted). A particular social group is one that has (1) "social visibility," meaning that members of the group are "readily identifiable in society" based on their shared characteristics and (2) "particularity," meaning that the group can be defined in a manner sufficiently distinct that it "would be recognized, in the society in question, as

6

a discrete class of persons." *Id.* at 519 (internal quotation marks and citation omitted).

Petitioners point to Cornejo-Bonilla's willingness to seek out the police despite knowing the futility of the gesture and that the police associate with the MS-13 gang members as evidence of the particularity and social distinction of their social group. Particularly, they argue that their shared vulnerability as "Salvadorian women unable to enlist the help of police" is an immutable characteristic. These conclusional and unsupported allegations are insufficient to show that their purported group was a legally cognizable particular social group. *See Orellana-Monson*, 685 F.3d at 519-522. This court has previously declined to recognize as particular social groups various permutations of groups of individuals who are subjected to gang violence based on their refusal to join gangs or accede to their demands. *See, e.g., Hernandez-Abregon v. Lynch*, 667 F. App'x 487, 488 (5th Cir. 2016) (individuals who were sexually assaulted by gangs and resisted gang recruitment); *Salinas-Pacheco v. Holder*, 583 F. App'x 337, 337-38 (5th Cir. 2014) (young Honduran women targeted for refusing to join gangs). We have also rejected claims that a group consisting of "non-criminal witnesses who have reported crimes" qualified as a particular social group. *Soriano-Dominguez v. Holder*, 354 F. App'x 886, 887-88 (5th Cir. 2009). In light of these similar cases, Petitioners have failed to show that the evidence compels a conclusion that they had a well-founded fear of future persecution on account of their membership in a legally cognizable particular social group.

Finally, because Petitioners could not satisfy the requirements for an asylum claim, it follows that they could not establish entitlement to withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

No. 18-60443

For these reasons, the petition for review is DENIED.