# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2020

Lyle W. Cayce
Clerk

No. 18-60685
Summary Calendar

JOSE MANUEL PENADO-HERNANDEZ; ASHLEY GABRIELA PENADO-CASTRO; KARLA CASTRO-DE PENADO; DANIELA ELIZABETH PENADO-CASTRO,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 450 779
BIA No. A208 450 780
BIA No. A208 455 141
BIA No. A208 455 142

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jose Manuel Penado-Hernandez, a native and citizen of El Salvador, along with derivative beneficiaries Ashley Gabriela Penado-Castro, Karla Castro-De Penado, and Daniela Elizabeth Penado-Castro, petitions for review

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60685

of the Board of Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ) denial of his application for asylum and withholding of removal. Penado contends the IJ and BIA erred in concluding:  he was not a member of a particular social group (PSG); he did not experience past persecution; and he had no well-founded fear of future persecution.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (citations omitted).  On substantial-evidence review, a factual finding will not be disturbed "unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it".  *Id.* at 518 (emphasis in original) (internal quotation marks and citation omitted).  In that regard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion".  *Id.* (internal quotation marks and citation omitted).

"Asylum is discretionary and may be granted to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a [PSG], or political opinion." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  The alien seeking asylum must establish that one of these protected bases "was or will be at least one central reason for persecuting the applicant".  *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348 (5th Cir. 2006) (citations omitted).

PSG members "share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences".  *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citations omitted).  A PSG has

"social visibility", meaning "members of a society perceive those with the characteristic in question as members of a social group", and "particularity", meaning "the proposed group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons". *Id.* at 519 (citations omitted). Penado alleges membership in two PSGs: "Patriarchal Salvadoran males who are successful business owners"; and "Salvadoran witnesses to crime/murder". Each fails.

As to the first alleged PSG, a person's employment is generally not considered an immutable characteristic. *See Mwembie v. Gonzales*, 443 F.3d 405, 414–15 (5th Cir. 2006). Additionally, business owners, wealthy Salvadorans, and persons subject to economic extortion are not protected groups. *See, e.g.*, *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (citations omitted) (economic extortion and wealthy Salvadorans); *Thapa v. Holder*, 357 F. App'x 591, 593 (5th Cir. 2009) (per curiam) (citations omitted) (economic extortion, businessmen, and business owners).

As to the second alleged PSG, our court has consistently rejected claims that a group consisting of crime witnesses qualifies as a particular social group. *See, e.g.*, *Soriano-Dominguez v. Holder*, 354 F. App'x 886, 887 (5th Cir. 2009) (citations omitted) (non-criminal witnesses reporting crimes); *Calel-Chitic v. Holder*, 333 F. App'x 845, 847 (5th Cir. 2009) (per curiam) (witnesses to government officials' crimes). In support of his alleged PSG, Penado cites *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). That case is distinguishable, however, because it involved an asylum applicant "who testified in a criminal trial against members of a gang", which is inapplicable here. *See id.* at 1083. And, although Penado intimates he is part of a recognizable social group—notwithstanding his failure to report crimes to

authorities—because gang members knew he witnessed their offenses, "a group's recognition for asylum purposes is determined by the perception of the society in question, rather than by the perception of the persecutor". *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 242 (B.I.A. 2014).

Because Penado fails to establish membership in a PSG, he has not shown the BIA erred in concluding he was not entitled to asylum, which requires any past persecution, or well-founded fear of future persecution, be "on account of" his membership in a PSG. *See Zhang*, 432 F.3d at 344 (citation omitted); *see also Tamara-Gomez v. Gonzales*, 447 F.3d at 348 (citations omitted). And, "[b]ecause the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum", Penado's "failure to establish eligibility for asylum is dispositive of [his] claim[] for withholding of removal". *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citation omitted).

DENIED.