# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2022

Lyle W. Cayce
Clerk

No. 21-60338

Yanci Margarita Ayala-Teyes; Franklin Waldemar Salgado-Ayala,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 453 628
BIA No. A208 453 629

Before Wiener, Higginson, and Wilson, *Circuit Judges.*

Per Curiam:*

Yanci Margarita Ayala-Teyes and her son, Franklin Waldemar Salgado-Ayala, petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum and withholding of removal. Ayala-Teyes sought relief based on membership in two particular social groups (PSGs): "Salvadoran woman

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60338

who unknowingly filed police report or reported criminal activity with corrupt Salvadoran police" and "Salvadoran wife/partner of former gang 18 member or perceived gang member [who] was unable to leave her relationship because of her fundamental right to keep her family together." [1] The BIA held that the first PSG was not cognizable under the Immigration and Nationality Act because the petitioners failed to show that their cooperation with law enforcement was "public in nature." *See Matter of H-L-S-A-,* 28 I&N Dec. 228, 237 (BIA 2021). The BIA held that the petitioners' second PSG was not cognizable because it was overbroad, amorphous, and subjective.

We review factual findings under the substantial evidence standard and legal questions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). "Under the substantial evidence standard, reversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* at 518 (quotation marks omitted). We do not consider the arguments raised for the first time in a petitioner's reply brief. *See Diaz v. Sessions*, 894 F.3d 222, 226 n.2 (5th Cir. 2018).

The petitioners challenge the BIA's conclusion that the first PSG was not cognizable. To the extent the petitioners rely on a sentence from *H-L-S-A-* indicating that the Ninth Circuit considers the public nature of the cooperation significant but not dispositive, the argument is unavailing. In *H-L-S-A-*, the BIA did not incorporate that view into its own formulation of a

---

[1] Salgado-Ayala sought relief based on the PSGs "Salvadoran baby whose parents unknowingly filed police report or reported criminal activity with corrupt Salvadoran police" and "Salvadoran son of former 18 gang member or perceived gang member." The BIA found that any challenge related to these PSGs was waived, and the petitioners do not now raise any argument concerning those groups. Thus, they abandon any related claim for relief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 21-60338

cognizable cooperation-based PSG, instead finding that such cooperation must be "public in nature." 228 I&N Dec. at 232–34, 237. Additionally, we have upheld BIA decisions concluding that similar PSGs were not cognizable. *See, e.g.*, *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 (5th Cir. 2016) (rejecting a PSG of former informants); *Soriano-Dominguez v. Holder*, 354 F. App'x 886, 887–88 (5th Cir. 2009) (rejecting a PSG of non-criminal witnesses who have reported crimes); *Calel-Chitic v. Holder*, 333 F. App'x 845, 847–48 (5th Cir. 2009) (per curiam) (rejecting a PSG of witnesses to crimes committed by government officials). The petitioners have not offered grounds to distinguish those cases.

Alternatively, the petitioners assert that reporting gang activity to police in El Salvador is sufficiently public to satisfy *H-L-S-A-* because the police are corrupt and witness reports do not remain anonymous. The petitioners offer evidence that the gang was aware of Ayala-Teyes's report. Yet, "[e]ven if the gang members knew or suspected that [s]he had provided law enforcement with information about them, this 'individual retaliation' does not qualify as persecution based on h[er] membership in h[er] proposed group." *See H-L-S-A-*, 28 I&N Dec. at 238; *see also Calel-Chitic*, 333 F. App'x at 848 ("Critically, the individual seeking asylum must demonstrate that his persecution is *because of* his membership in that social group."). Therefore, substantial evidence supports the BIA's decision that this PSG is not cognizable.

With respect to the BIA's conclusion as to the second PSG, the petitioners rely on caselaw from other circuits to contend that a PSG defined by gender and one or more narrowing characteristics is cognizable. We are not bound by those cases. Moreover, this court has upheld the BIA's rejection of PSGs similarly defined by gender and one or more narrowing characteristics. *See Jaco v. Garland*, 24 F.4th 395, 403–06 (5th Cir. 2021) (rejecting PSG of Honduran women who are unable to leave their domestic

No. 21-60338

relationships); *Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020) (rejecting PSG of Honduran women who have been targeted for and resisted gang recruitment after the murder of a gang-associated partner). And finally, the petitioners fail to rebut the BIA's determination that the second PSG was amorphous and subjective because of its inclusion of the qualifier "perceived gang member." *See Matter of M-E-V-G-*, 26 I&N Dec. 227, 239 ("The group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective."). Therefore, substantial evidence supports the BIA's decision that this PSG is not cognizable.

PETITION DENIED.