NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-1231, 15-1868
_____

KOYODE NIRAN AKINNIYI,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(A093-014-174)
_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2015

Before:  AMBRO, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed: November 23, 2015)

_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Koyode Akinniyi petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Because Akinniyi's first argument fails as a matter of law and his second claim fails for lack of jurisdiction, we will deny the petition in part and dismiss it in part.

I

Akinniyi is a native and citizen of Nigeria. He entered the United States without inspection in 1981 and has been a legal permanent resident since 1990. Akinniyi's proceedings date back to 2002, when he was convicted in the U.S. District Court for the Northern District of Illinois of "fraud and other related activities in connection with access devices" (essentially, theft by deception and possession of several stolen credit cards) in violation of 18 U.S.C. § 10(29)(a)(2). His actions caused a loss of $34,000 to Citibank. As an alien convicted of an aggravated felony, Akinniyi was removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1101(a)(43)(M) (designating as an aggravated felony any offense "involv[ing] fraud or deceit in which the loss to the victim or victims exceeds $10,000"). The Government commenced removal proceedings in August 2002 by issuing a Notice to Appear (NTA) in immigration court.

A series of immigration court hearings followed. Akinniyi first appeared in October 2002 without counsel, so the IJ granted him a two-month adjournment to obtain counsel. Akinniyi returned to his next hearing without counsel, but because he expressed a fear of persecution in Nigeria, the IJ granted him a two-week adjournment so he could

2

complete an asylum application. When Akinniyi returned for his third hearing—this time represented by attorney Sandra Greene—he failed to present the court with an asylum application, so Akinniyi's prior request for asylum was deemed abandoned. Although the IJ scheduled a fourth hearing for February 2003, he indicated that he was likely to decide the case before then.

The IJ made good on his word, issuing a written decision several days prior to the fourth hearing. The IJ held that Akinniyi was removable as charged in the NTA and had abandoned his request for asylum by failing to file an application by the court's deadline. This decision was mailed to Greene, who allegedly failed to inform Akinniyi of the decision. Akinniyi did not appeal the decision to the BIA.

More than seven years later, in May 2010, Akinniyi retained a different attorney, Yakov Spektor, who filed a "motion to reopen an *in absentia* order" on Akinniyi's behalf. App. 360–63. The IJ denied the motion because the removal order was not issued *in absentia*. Akinniyi did not appeal this decision either.

The petition for review at issue relates to Akinniyi's second motion to reopen, filed four years after the first and more than eleven years after the IJ's order of removal. Akinniyi made two arguments in support of reopening. First, he alleged that Green rendered ineffective assistance of counsel by failing to file an asylum application and by failing to notify him of the IJ's decision, and that Spektor was ineffective by filing the wrong type of motion to reopen. Consequently, Akinniyi claimed he was entitled to *sua sponte* reopening of his case and equitable tolling of the time limitation on his motion to

3

reopen. Akinniyi also invoked the changed-country-conditions exception to the time limitations on motions to reopen, asserting that reopening was necessary so he could apply for asylum based on the emergence of the terrorist group Boko Haram in Nigeria and his allegedly well-founded fear that he was at risk of persecution at their hands given his status as a Westernized individual with a child born out of wedlock.

The IJ denied Akinniyi's second motion, concluding that he had failed to explain the nature of his agreement and communications with Greene with sufficient detail to show ineffective assistance and that there was no prejudice in Spektor's filing of a deficient motion because the court didn't deny Akinniyi's second motion as number-barred. The IJ also held that Akinniyi had failed to demonstrate due diligence in pursuing his case in the seven years after Greene's alleged ineffective assistance surrounding the removal order and the three years after Spektor's alleged ineffective assistance. As for Akinniyi's changed-country-conditions argument, the IJ determined: (1) that Akinniyi had failed to demonstrate materiality because the evidence suggested that Boko Haram was active mainly in areas far from Akinniyi's home region of Nigeria, and (2) that Akinniyi had not demonstrated prima facie eligibility for asylum because he had shown neither that his alleged social groups were cognizable under immigration law nor that he was likely to be persecuted due to his membership in them.

The BIA affirmed on the same grounds. Akinniyi filed this petition for review.[1]

---

[1] Akinniyi originally filed a petition for review of the Board's decision with this Court on January 23, 2015—more than thirty days after the December 9, 2014,

4

II

A

Akinniyi first argues that his attorneys' alleged ineffective assistance entitled him to equitable tolling of the time limitation pertaining to motions to reopen.[2] We have recognized that "[i]neffective assistance of counsel can serve as a basis for equitable tolling if substantiated and accompanied by a showing of due diligence." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). *See also Mahmood v. Gonzales*, 427 F.3d 248, 252 (3d Cir. 2005) (even if "the attorney conduct at issue is sufficient . . . to provide a basis for equitable tolling," lack of diligence defeats the claim).

The BIA held that Akinniyi was not entitled to equitable tolling because he had failed to exercise due diligence. We defer to the IJ's factual findings and consider only whether they amount to a lack of due diligence as a matter of law. *Kamara v. Att'y Gen.*, 420 F.3d 202, at 210–11 (3d Cir. 2005); *Sukwanputra v. Gonzales*, 434 F.3d 627, 631 (3d Cir. 2006) ("Insofar as the BIA adopted the findings of the IJ, we must review the decision of the IJ."). The IJ found that Akinniyi exercised a "complete lack of action for eight years after Ms. Greene's representation," failed to "obtain counsel to move to reopen his case and file for asylum or other relief from removal," and neglected to "investigate his immigration status." App. 87. The IJ also found that Akinniyi "was put

decision—rendering his petition untimely under 8 U.S.C. § 1252(b)(1). We will dismiss this first petition. The Board reissued its decision at Akinniyi's request and he filed the timely petition now before us on April 9, 2015.

[2] We have jurisdiction to review this claim because we are permitted to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)–(D).

5

on notice of his written order of removal and his right to file a motion to reopen in 2010"

when his first motion to reopen was denied, but nevertheless had "no excuse" for failing

to "follow[] up" for more than three years before finally filing his second motion. App.

87.

The IJ did not err in holding that these facts demonstrate a lack of due diligence.[3]

We have held a lack of due diligence to have been established by behavior less dawdling

than this, including where a petitioner waited more than a year between filings of

successive motions to reopen or failed to take "steps to inquire about the status of his

case" over a period of many months. *See Mahmood*, 427 F.3d at 252; *Alzaarir*, 639 F.3d

at 90. Accordingly, Akinniyi's equitable tolling claim fails as a matter of law.

B

Akinniyi next argues that the BIA erred when it determined that his motion did not

meet the changed-country-conditions exception to the 90-day filing requirement for

motions to reopen. We lack jurisdiction over this argument because the Board's

conclusion that Akinniyi failed to demonstrate a material change in Nigeria's conditions

for purposes of asylum is an unreviewable finding of fact. *See Sukwanputra*, 434 F.3d at

635; *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007) ("[C]hallenges to the

BIA's extraordinary or changed circumstances determinations do not constitute

---

[3] The Government wrongly asserts that "a due diligence determination is a factual determination." *See Bank of U.S. v. Tyler*, 29 U.S. 366, 373 (1830) ("Due diligence is a question of law to the court, when the facts are ascertained."); *Borges v. Gonzales*, 402 F.3d 398, 407 (3d Cir. 2005) (assessing due diligence "as a matter of law"); *United States v. Felton*, 811 F.2d 190, 209 (3d Cir. 1987) (same).

'questions of law' within the meaning of § 1252(a)(2)(D).""). Nor do we have jurisdiction to review the BIA's determination that Akinniyi failed to demonstrate prima facie eligibility for asylum. Whether a petitioner has demonstrated a well-founded fear of future persecution is a "question of fact, and the agency determination must be upheld if it is supported by substantial evidence in the record." *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009), *as amended* (Nov. 4, 2009) (internal quotation marks omitted). Accordingly, we lack jurisdiction to review the BIA's finding that the evidence does not establish that Akinniyi is likely to be persecuted upon return to Nigeria.

III

For the foregoing reasons, we will deny Akinniyi's petition in part and dismiss it in part.