# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60230

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2018

Lyle W. Cayce
Clerk

FELIX GERARDO DIAZ, Also Known as Felix Gerardo Macanche Diaz,
    Also Known as Feliz G. Diaz, Also Known as Feliz Diaz,
    Also Known as Gelix Gerardo Diaz Macanche,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of
the Board of Immigration Appeals

Before SMITH, WIENER, and WILLETT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Felix Diaz petitions for review of the denial of his motion to reopen his application for cancellation of removal.  Because Diaz has effectively conceded he was convicted of felony possession of a controlled substance, we have jurisdiction over only constitutional claims or questions of law.  *Compare* 8 U.S.C. § 1252(a)(C) *with id.* § 1252(a)(D).  The Board of Immigration Appeals ("BIA")

No. 17-60230

and immigration judge ("IJ") denied the motion to reopen as untimely and not subject to equitable tolling because Diaz had not shown ineffective assistance of counsel ("IAC"). Insofar as Diaz raises a constitutional claim of IAC, we have jurisdiction to resolve both that question of law and any factual questions necessary to its resolution. But because Diaz has not shown IAC, we deny the petition.

I.

Diaz is a Nicaraguan citizen who obtained status as a lawful permanent resident ("LPR") in December 1999. In 2001, he was convicted of driving while intoxicated. In 2007, he was convicted of felony possession of a controlled substance, namely cocaine. And in 2010, he was convicted of public intoxication. Then, in 2015, he arrived at a Houston airport and applied for admission to the United States as a returning LPR. Shortly thereafter, the Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA"), charging inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II) (conviction relating to a controlled substance).

At the initial hearing, in July 2015, Diaz appeared with counsel. He admitted several factual allegations in the NTA but denied having committed the disqualifying drug offense. Nevertheless, the IJ found the charge to be true based on records of conviction and, because Diaz then pleaded true to the charge, the IJ found him inadmissible. Nicaragua was designated the country of removal.

In October 2015, Diaz, through counsel, filed an application for cancellation of removal. A merits hearing was held in November 2015, at which Diaz admitted that he and his wife had lied on their tax returns to obtain refunds and to qualify for Medicaid and food stamps. After that testimony, Diaz, through counsel, withdrew his application for cancellation of removal and

No. 17-60230

requested that the IJ permit voluntary departure. The IJ granted that request, and Diaz waived appeal.

In September 2016, Diaz moved to reopen, asserting that counsel for his application for cancellation was ineffective. Specifically, he maintained that he was eligible for cancellation of removal as an LPR but was prevented from pursuing such relief because of ineffectiveness. DHS opposed the motion as time-barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Diaz replied that (a) he met the procedural requirements for demonstrating IAC under *Matter of Lozada*, 19 I & N Dec. 637, 638 (BIA 1988); (b) his *prima facie* eligibility for cancellation of removal demonstrated the requisite prejudice to establish IAC; and (c) his showing of IAC was an exceptional circumstance warranting equitable tolling. Alternatively, Diaz urged that his personal history and other equities warranted exercise of the IJ's discretion to reopen *sua sponte*.

The IJ denied the motion to reopen as untimely. The IJ declined equitable tolling because, although Diaz had met *Lozada*'s procedural requirements, he had not been prevented from reasonably presenting his case and had not shown prejudice by his counsel's performance. Specifically, the IJ found that, given Diaz's admissions of tax fraud, it was not unreasonable for counsel to advise him to withdraw his application for cancellation of removal and to request voluntary departure.

Diaz appealed, and the BIA dismissed for the reasons set forth by the IJ. Diaz then filed this petition for review.

## II.

In his petition, Diaz reiterates his IAC claims, alleging that they establish he was deprived of due process in his application for cancellation of removal. But before addressing the merits of those claims, we must assess

No. 17-60230

"whether we have jurisdiction to review the BIA's decision." *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (quoting *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001)). The government replies we lack jurisdiction because Diaz was convicted of possessing a controlled substance, and his claims are essentially factual in nature. We disagree.

We generally have jurisdiction to review orders of removal and orders to reopen. *See Kucana v. Holder*, 558 U.S. 233, 252–53 (2010). But our jurisdiction is limited where the defendant was convicted of possessing a controlled substance.[1] In such situations, § 1252(a)(2)(C) strips our jurisdiction—except that "[n]othing in subparagraphs (B) or (C) . . . shall be construed as precluding review of constitutional claims or questions of law." *Compare* § 1252(a)(2)(C) *with* § 1252(a)(2)(D). Therefore, because Diaz was convicted of possessing a controlled substance (a finding he does not contest in the petition for review), we lack jurisdiction over the BIA's order unless Diaz raises "constitutional claims or questions of law."

The thrust of Diaz's petition is that the BIA erred inasmuch as he was denied due process because his counsel was ineffective as to the application for cancellation of removal. Yet Diaz does not petition for review of the application for cancellation of removal; instead, he petitions for review of his motion to reopen.

Generally, a motion to reopen must be filed within ninety days of a final order of removal. § 1229a(c)(7)(C)(i). That deadline, however, may be subject to equitable tolling. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

---

[1] *See* § 1252(a)(2)(C) (precluding jurisdiction over "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered by section 1182(a)(2)"); § 1182(a)(2) (covering "any alien convicted of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance").

No. 17-60230

For equitable tolling, a litigant must establish (1) that he pursued his rights diligently and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)).

The BIA denied the motion to reopen as untimely and not subject to equitable tolling. Because Diaz does not contest that his motion was untimely, he must establish tolling for us to hold that the BIA erred. All that Diaz offers in support of tolling are his contentions regarding IAC.[2] The issue, therefore, is whether a claim of equitable tolling, supported by a claim of IAC, is a question of law or fact.

"[W]hether [a litigant] diligently pursued her rights is a question of fact." *Penalva v. Sessions*, 884 F.3d 521, 525 (5th Cir. 2018). Thus, a decision by the BIA on the first prong is factual and may not be disturbed (at least barring an error in the legal standard applied). *See id.* Here, however, the BIA made no finding on the first prong. Instead, it concluded that Diaz had not shown IAC and therefore could not satisfy the second prong of extraordinary circumstances that stood in the way of timely filing.

IAC is a constitutional claim that involves "a mixed question of law and fact." *Strickland v. Washington*, 466 U.S. 668, 686, 698 (1984). And, as explained above, "[n]othing in [§ 1252(a)(2)(C)] shall be construed as precluding

---

[2] For the first time in his reply brief, Diaz insists that the BIA applied the wrong legal standard in deciding the motion to reopen. Admittedly, such a claim, or other claims going to "the legal standard for equitable tolling," would raise the kinds of constitutional or legal questions that we could review. *See Boakai v. Gonzales*, 447 F.3d 1, 4 (1st Cir. 2006). But "[w]e will not consider issues raised for the first time in an appellant's reply brief." *United States v. Anderson*, 5 F.3d 795, 801 (5th Cir. 1993). Moreover, Diaz provides no authority in support of that averment, nor does he explain which legal standard was wrong and which one should have been used. For all these reasons, Diaz has waived that contention. *See also L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (finding waiver for failing to cite authority); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (waiver for failing to provide any argument in support of a contention).

review of" a constitutional claim or a question of law. Accordingly, we *must* have jurisdiction over Diaz's petition to the extent it raises a claim of IAC—which is a constitutional claim presenting questions of law.[3]

The government notes that such review will involve delving into at least some factual disputes. As it contends, equitable tolling itself is "fact-intensive." *Lugo-Resendez*, 831 F.3d at 344. True enough, but such review is not fatal to our jurisdiction. The language of § 1252(a)(2)(D) is explicit and broad—*nothing* shall preclude our review of constitutional claims or questions of law. Accordingly, we may review factual disputes that are necessary—and only those that are necessary[4]—to review a constitutional claim or question of law. To hold otherwise would permit § 1252(a)(2)(C) to strip our jurisdiction to review some constitutional claims or questions of law, which plainly contravenes § 1252(a)(2)(D). Therefore, we have jurisdiction over this petition to the extent that Diaz presents a claim of IAC.

## III.

We turn to the merits. To the extent that we review the BIA's conclusions of law, our review is *de novo*; otherwise, we review the BIA's decision "under a highly deferential abuse-of-discretion standard."[5]

---

[3] In so holding, we acknowledge our agreement with three other circuits that have found jurisdiction in similar circumstances. *See Akinniyi v. Atty. Gen. of U.S.*, 629 F. App'x 425, 427–28 & n.2 (3d Cir. 2015); *Zambrano-Reyes v. Holder*, 725 F.3d 744, 748–751 (7th Cir. 2013); *Singh v. Holder*, 418 F. App'x 14, 15–16 (2d Cir. 2011).

[4] To review other factual claims would read too much into § 1252(a)(2)(D), which ensures our review only of constitutional claims or questions of law. A petition may contain other factual issues that are wholly orthogonal to the constitutional claim or question of law. Section 1252(a)(2)(C) would strip our jurisdiction as to such issues, and § 1252(a)(2)(D) would not restore it, because the want of jurisdiction over them would not preclude our resolution of the constitutional claim or question of law.

[5] *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (per curiam) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)).

No. 17-60230

The claim is that the BIA erred in dismissing the motion to reopen as untimely insofar as Diaz was entitled to equitable tolling because of IAC at the motion to cancel removal. According to Diaz, his counsel was ineffective for multiple reasons, for example, that the attorney failed adequately to prepare evidence for the cancellation-of-removal hearing. We assume that a valid claim of IAC would constitute an "extraordinary circumstance [that] stood in his way and prevented timely filing."[6]

But as the BIA found, Diaz testified at the hearing that he had committed additional, previously undisclosed crimes, including intentional tax fraud. And the BIA found that Diaz and his counsel consulted before withdrawing the cancellation application in favor of voluntary withdrawal. Nothing in the record indicates such findings are in error.

In the face of such findings, we cannot say that Diaz has established IAC. To do so, he must show both (1) that his counsel was constitutionally deficient and (2) that he is prejudiced thereby, i.e., "that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Washington*, 466 U.S. at 691, 694. If nothing else, Diaz has failed to show he was prejudiced by any ineffectiveness. To reiterate: Diaz admitted at the cancellation hearing that he had been committing tax fraud for years. Even looking past his drug convictions, he was unlikely to obtain a cancellation of removal in light of such testimony.[7] And without a claim of IAC, Diaz offers nothing to support equitable tolling. Therefore, the

---

[6] *See Lugo-Resendez*, 831 F.3d at 344. *See Zambrano-Reyes*, 725 F.3d at 748–51; *Singh*, 418 F. App'x at 15–16; *Alzaarir v. Att'y Gen. of U.S.*, 639 F.3d 86, 90 (3d Cir. 2011) (each indicating that a valid claim of IAC will establish equitable tolling).

[7] *See* 8 U.S.C. § 1229b(b)(1)(B) (providing that "[t]he Attorney General may cancel removal of . . . an alien who is inadmissible or deportable from the United States if the alien . . . has been a person of good moral character during [a continuous period of not less than 10 years]").

No. 17-60230

BIA did not err in denying the motion to reopen as untimely.

## IV.

Diaz makes one final declaration: that the BIA should have exercised its *sua sponte* authority to reopen. We lack jurisdiction over that claim. *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017) (citing *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004)). "[A] reviewing court has no legal standard by which to judge an IJ's decision not to invoke its *sua sponte* authority." *Id.*

The petition for review is DENIED.