# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60326
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2019

Lyle W. Cayce
Clerk

MIGUEL SILVA GAMERO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 835 668

Before BARKSDALE, ELROD, and HO, Circuit Judges.
PER CURIAM:*

Miguel Silva Gamero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denying his third motion to reopen as untimely and numerically-barred. He contends the BIA abused its discretion because it did not equitably toll the time and number limitations on statutory motions to reopen on the basis that he received ineffective assistance

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of counsel in his removal proceedings and during the proceedings on his first and second motions to reopen his case.

To have a case reopened due to ineffective assistance of counsel, an alien must "show that counsel's actions were prejudicial to his case". *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (citation omitted). The BIA concluded Gamero had not shown prejudice, relying in part on the immigration judge's finding, which the BIA affirmed on appeal, that Gamero could internally relocate within Mexico. *See* 8 C.F.R. § 1208.16(b)(1)(i)(B) (providing a presumption of a threat to "the applicant's life or freedom . . . on the basis of the original claim" may be rebutted by evidence showing "[t]he applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so"). As the Government has pointed out, Gamero presents no challenge to this conclusion. Therefore, he has abandoned that issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Further, by abandoning any meaningful challenge to the BIA's determination that he did not show the requisite prejudice, Gamero has not shown the BIA abused its discretion by denying his third motion to reopen. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) ("[W]e review the BIA's denial of a motion to reopen or to reconsider under a highly deferential abuse-of-discretion standard". (footnote omitted)).

Gamero also asserts the BIA should have *sua sponte* reopened his case. We lack jurisdiction to consider this claim. *See Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018) (holding that, in accordance with our precedent, claims the BIA should have exercised *sua sponte* authority are unreviewable).

DISMISSED IN PART and DENIED IN PART.