# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60432
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2019

Lyle W. Cayce
Clerk

ANIL KUMAR,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 947 849

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Anil Kumar petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings based upon the ineffective assistance rendered by his prior attorney. Kumar conceded before the BIA that his motion to reopen was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA denied the motion as untimely and held that Kumar was not entitled to equitable tolling; in the alternative, the BIA held

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60432

that Kumar had failed to satisfy the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). We review the denial of Kumar's motion to reopen under a highly deferential abuse-of-discretion standard. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Equitable tolling of the § 1229a(c)(7)(C)(i) deadline is warranted only if the litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016) (internal quotation marks and citation omitted). Whether Kumar has exercised reasonable diligence constitutes a factual finding. *See Diaz v. Sessions*, 894 F.3d 222, 225-26 (5th Cir. 2018). We review such a finding using the substantial-evidence test, and we may not overturn it "unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

As Kumar states that he became aware of the ineffectiveness at issue following the BIA's May 2016 decision but admits that he did not begin to prepare his motion to reopen until after our denial of his first petition for review in October 2017, he fails to show that the BIA's reasonable-diligence finding is unsupported by substantial evidence. *See Gomez-Palacios*, 560 F.3d at 358. Although Kumar suggests that the unavailability of the administrative record coupled with his change of attorneys in June 2016 should be considered an extraordinary circumstance that warrants equitable tolling, he failed to exhaust this issue before the BIA, and we therefore lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

Kumar fails to show that the BIA abused its discretion by denying his motion to reopen as untimely and not subject to equitable tolling. *See Zhao*, 404 F.3d at 303. Accordingly, we need not address Kumar's alternative

2

No. 18-60432

argument that the BIA erred by holding that he failed to satisfy the *Lozada* requirements.

The petition for review is DENIED.