# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2021

Lyle W. Cayce
Clerk

No. 20-60534
Summary Calendar

RAQUEL GARCIA-TINOCO,

*Petitioner*,

*versus*

ROBERT M. WILKINSON, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 839 027

---

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Raquel Garcia-Tinoco, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) denying her second motion to reopen her immigration proceedings, based on a determination that it was untimely and number-barred. She contends that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60534

she has established ineffective assistance by the attorney who represented her in her removal proceedings, who failed to file an application for immigration relief and failed to update her about deadlines and hearings in her case. In addition, Garcia-Tinoco maintains that the attorney who filed her first motion to reopen rendered ineffective assistance by failing to comply with *Matter of Lozada*, 19 I. & N. Dec. 637, 637-40 (BIA 1988), when alleging that the prior attorney had rendered ineffective assistance. She asserts that she suffered prejudice because she was deprived of the opportunity to file for relief from removal and because the immigration courts denied her prior motion to reopen. Although Garcia-Tinoco acknowledges that her second motion to reopen did not comply with the rules for filing such motions, she argues that the BIA abused its discretion by not granting equitable tolling. Finally, she asserts that the BIA erred in not granting her motion to reopen pursuant to its sua sponte authority.

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Although a single motion to reopen must generally be filed within 90 days of the entry of a final order of removal, this deadline is subject to equitable tolling. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). An alien is entitled to equitable tolling if she shows "that [s]he has been pursuing [her] rights diligently, and . . . that an extraordinary circumstance beyond [her] control prevented [her] from complying with the applicable deadline." *Id.* (internal quotation marks and citation omitted). Ineffective assistance of counsel may constitute an extraordinary circumstance justifying equitable tolling of the deadline for seeking statutory reopening. *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018).

Although Garcia-Tinoco argues that her original attorney performed deficiently by failing to file an application for relief from removal and failing to advise her of deadlines and hearings, she has failed to demonstrate that the

attorney performed deficiently or that she was prejudiced because she has not shown that she was entitled to any relief from the immigration courts. *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994). Similarly, although the second attorney did not comply with *Lozada* before filing a motion to reopen, Garcia-Tinoco has not shown "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" and the BIA would have reopened the case, given the alternative finding that the record did not establish ineffective assistance by Garcia-Tinoco's first attorney. *Diaz*, 894 F.3d at 228 (citation omitted). Accordingly, the BIA did not abuse its discretion in determining that Garcia-Tinoco was not entitled to equitable tolling. *See id.*

Finally, despite Garcia-Tinoco's assertions to the contrary, we lack jurisdiction to review the discretionary decision of the BIA not to invoke its sua sponte authority to reopen a case. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017). Although Garcia-Tinoco urges us to follow case law from other circuits that have found an appropriate standard exists for reviewing a decision to reopen a case, such authority is not on point. Moreover, such cases constitute persuasive authority only, and this court may not overrule its own authority in the absence of a change in statutory law or a decision by the Supreme Court or this court seated en banc. *See Thompson v. Dallas City Att'y's Office*, 913 F.3d 464, 467 (5th Cir. 2019); *Orellana-Monson v. Holder*, 685 F.3d 511, 520 (5th Cir. 2012); *see also Hernandez-Castillo*, 875 F.3d at 206-07 & n.3 (rejecting argument that this court's precedent was altered by *Mata v. Lynch*, 576 U.S. 143 (2015)).

Based on the foregoing, the petition for review is DENIED in part and DISMISSED in part.