# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2021

Lyle W. Cayce
Clerk

No. 20-60395
Summary Calendar

Sonia Noemy Sanchez-Diaz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 819 257

Before Smith, Stewart, and Graves, *Circuit Judges.*

Per Curiam:*

Sonia Noemy Sanchez-Diaz, a native and citizen of El Salvador, seeks review of a Board of Immigration Appeals (BIA) opinion dismissing her appeal from an Immigration Judge (IJ) order denying her motion to reopen. The petition for review is denied.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60395

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). This court reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005); *see also Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203-04 (5th Cir. 2017). This court will affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 303-04 (internal citation omitted). Questions of law are reviewed de novo. *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017).

Sanchez-Diaz did not timely file her motion to reopen. Equitable tolling does not apply, as Sanchez-Diaz did not establish that she pursued her rights with reasonable diligence. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). Even if the motion to reopen were timely filed, it lacks merit. Sanchez-Diaz did not put forth evidence establishing that that her former counsel was constitutionally deficient and that she was prejudiced such that there was a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *See Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018). Sanchez-Diaz's contention that the immigration court lacked jurisdiction is foreclosed by this court's decision in *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021) (deciding that a notice to appear which is defective for the purpose of activating the stop time rule still constitutes a charging document vesting jurisdiction with the immigration court). Accordingly, the petition for review is denied.

The petition for review is DENIED.