# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2022

Lyle W. Cayce
Clerk

No. 20-60818
Summary Calendar

Maria Gertrudis Marroquin-De Garcia; Lesly Stefany
Garcia-Marroquin; Maria Abigail Garcia-Marroquin;
Lidia Lisette Garcia-Marroquin,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 757 783
BIA No. A208 757 782
BIA No. A208 757 784
BIA No. A208 757 785

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60818

Maria Gertrudis Marroquin-De Garcia, with her three daughters, Lesley Stefany Garcia-Marroquin, Maria Abigail Garcia-Marroquin, and Lidia Lisette Garcia-Marroquin as riders, all natives and citizens of El Salvador, seek review of a decision of the Board of Immigration Appeals (BIA) denying an untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). We apply "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).

Marroquin-De Garcia never referred to, much less argued, a change in country conditions, focusing instead on her counsel's performance. Further, she did not cite the statutory or regulatory authority for reopening based on changed country conditions. The BIA's treatment of the motion as resting on its stated basis is "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Hernandez-Castillo*, 875 F.3d at 203-04.

As to equitable tolling of the time limit for filing her motion to reopen, Marroquin-De Garcia does not identify error in the BIA's conclusions that the immigration judge (IJ) informed Marroquin-De Garcia more than three months prior to the final hearing that all documents were required to be in English, and that Marroquin-De Garcia presented no evidence establishing that the testimony of any proposed witness likely would have resulted in a different outcome. In this court as well, Marroquin-De Garcia fails to identify or describe the evidence, witnesses, or testimony that she would have adduced had the IJ administered the hearing differently; nor does she explain what lines of inquiry the IJ should have pursued or what evidence such further inquiry would have produced. Her vague contentions that counsel rendered ineffective assistance fail to show a reasonable probability

of a different outcome absent the errors. *See Diaz v. Sessions*, 894 F.3d 222, 227-28 (5th Cir. 2018). As the BIA concluded, Marroquin-De Garcia thus failed to show prejudice from counsel's alleged errors and she was not entitled to equitable tolling of the period for filing her motion to reopen. *See id.*; *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020).

We lack jurisdiction to consider the BIA's denial of sua sponte regulatory reopening. *See Hernandez-Castillo*, 875 F.3d at 206-07. Although there is a legal standard governing constitutional due process claims such as Marroquin-De Garcia raises, so that we have jurisdiction to consider such claims, no liberty interest exists in reopening. *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019). Marroquin-De Garcia's due process claims are thus not cognizable in the context of a motion to reopen the immigration proceedings. *See id.*

For the first time before this court, Marroquin-De Garcia contends that attorney Silvia Aguirre's defective performance before the IJ caused Marroquin-De Garcia to miss the 90-day deadline to file her motion to reopen, that Aguirre also provided ineffective assistance in this court in relation to Marroquin-De Garcia's original petition for review, that attorney Clarissa Guajardo provided ineffective assistance when she failed to file a timely motion to reopen the matter in this court after dismissal of the petition for review, and that attorney Howard Douglas Daniel provided ineffective assistance as to the motion to reopen at issue in this matter by failing to raise or exhaust the issue of equitable tolling. Because Marroquin-De Garcia did not raise these claims before the BIA, she has failed to exhaust them and we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Fakhuri v. Garland*, 28 F.4th 623, 627 (5th Cir. 2022).

For these reasons, the petition for review is DENIED in part and DISMISSED for lack of jurisdiction in part as to Marroquin-De Garcia's

No. 20-60818

challenge to the BIA's denial of sua sponte regulatory reopening and as to the challenges she has raised for the first time in her petition for review.