# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2022

Lyle W. Cayce
Clerk

No. 20-60649
Summary Calendar

---

YESSICA ODETTE QUINTERO, *also known as Yessica Odette Dubon-Aleman*,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 817 356

---

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Yessica Odette Quintero petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and relief under the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60649

Convention Against Torture (CAT).  She does not present a reviewable challenge to the BIA's determination that she failed to articulate a cognizable particular social group (PSG) as required to prevail on her claims for asylum and withholding of removal.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  We do not consider her arguments that the BIA failed to conduct an individualized, case-by-case analysis of the PSGs in light of the facts of her case and to provide a sufficient explanation, as she did not exhaust the issues before the BIA.  *See Martinez-Guevara v. Garland*, 27 F. 4th 353, 359-61 (5th Cir. 2022); *Ibrahim v. Garland*, 19 F.4th 819, 826 (5th Cir. 2021).

While Quintero critiques the Attorney General's decision in *Matter of A-B-*, 27 I&N Dec. 316, 334-35 (A.G. 2018) (*A-B- I*), *vacated by Matter of A-B-*, 28 I&N Dec. 307, 309 (A.G. 2021), she does not allege any error by the BIA in relying on that decision.  Because she does not brief the issue, she abandons any challenge to the BIA's decision based on its application of *A-B-I*.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Quintero likewise abandons any challenge to the BIA's conclusions that she failed to delineate the PSG of "women in domestic relationships in Honduras" and that her PSG of "women who believe in equality in intimate relationships" lacked social distinction, as she fails to brief those issues in her initial brief to this court.  *See id.*; *Diaz v. Sessions*, 894 F.3d 222, 226 n.2 (5th Cir. 2018).

With respect to the BIA's conclusion that Quintero failed to show that a public official would consent or acquiesce to her torture under the CAT, she acknowledges that police made multiple attempts to find her abuser, she was granted an injunction against him, and she received support from the Municipal Women's Office in Honduras.  However, she contends that the police failed to investigate or try to stop the domestic violence against her.  She cites two police reports, her testimony that a cousin filed a police report on her behalf, and her testimony that nothing is done about police reports in Honduras "unless someone is dead."  Quintero also asserts that the

No. 20-60649

Honduran government broadly fails to act diligently to intervene and stop domestic violence crimes, citing a human rights report that states that "[v]iolence against women and impunity for perpetrators continued to be a serious problem" in the country. The same report also describes efforts by the Honduran government to assist victims of domestic abuse.

We review the BIA's adverse conclusion on acquiescence for substantial evidence. *Tabora Gutierrez v. Garland*, 12 F.4th 496, 502, 504 (5th Cir. 2021). Given the efforts by police to enforce the domestic violence laws against Quintero's abuser and the assistance she and other victims of domestic violence have received from the government of Honduras, the failure by police to apprehend her abuser and the government's inability to protect victims of domestic violence does not compel a conclusion that a public official will acquiesce in her torture. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006); *Tabora Gutierrez*, 12 F.4th at 504-05.

The petition for review is DENIED in part and DISMISSED in part.