# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2022

Lyle W. Cayce
Clerk

No. 21-60508
Summary Calendar

---

Ahmed Mohamed Sheikh Osman,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A071 686 840

---

Before Smith, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

Ahmed Mohamed Sheikh Osman, a native and citizen of Somalia, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from the denial of his application for withholding of removal and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60508

("CAT").  The alleged error is that he was mentally incompetent and did not receive adequate procedural safeguards to ensure the fairness of his removal proceeding.  Specifically, he asserts the immigration judge ("IJ") should have helped to develop the record by *sua sponte* continuing the case.  A continuance allegedly would have allowed him to address deficiencies in the affidavits that the IJ found were insufficient to prove he belonged to the minority Midgan clan — a  factual predicate for his claims.

The parties dispute whether we have jurisdiction to review the factual question of Sheikh Osman's competency, given his removability for an aggravated felony conviction.  *See* 8 U.S.C. § 1252(a)(2)(C).  We need not reach the issue, however, because we reject his due process challenge to the adequacy of the procedural safeguards. *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011); *Pierre-Paul v. Barr*, 930 F.3d 684, 694-95 (5th Cir. 2019), *abrogated on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479-86 (2021); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We review the due process issue *de novo.  See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020).  The record reflects that Sheikh Osman was represented by counsel and was allowed continuances to submit additional evidence.  His attorney's request not to draw a negative inference from his failure to testify was granted.  Additionally, well in advance of the removal hearing, counsel for Sheikh Osman received notice of the deficiencies in the affidavits and had the opportunity to cure them by submitting supplemental evidence during the two continuances.  Sheikh Osman did not request another continuance, and he fails to show good cause for a third continuance or that the procedural safeguards were inadequate. *See Ali v. Gonzales*, 440 F.3d 678, 680-81 (5th Cir. 2006); *Bright v. INS*, 837 F.2d 1330, 1332 (5th Cir. 1988); *Matter of M-A-M-*, 25 I. & N. Dec. at 483; *see also Pierre-Paul*, 930 F.3d at 694-95.

Finally, we do not consider Sheikh Osman's arguments that the purportedly erroneous competency finding invalidated both the analysis of his CAT claim and the consideration of whether his prior offense was a particularly serious crime. Because these issues were not raised before or decided by the BIA, we lack jurisdiction to consider them. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022). The failure to exhaust also causes us to deny the motion to remand for consideration of a new decision on those issues. *See Matter of B-Z-R-*, 28 I. & N. Dec. 563 (A.G. 2022). The earlier motion for a stay pending issuance of that decision is now moot.

We also do not consider the arguments raised for the first time in the reply brief that the IJ failed to ensure he was taking the appropriate medication and that his representation by counsel was an inadequate safeguard. *See Diaz v. Sessions*, 894 F.3d 222, 226 n.2 (5th Cir. 2018).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART. We DENY AS MOOT the motion for a stay pending a decision in a case the Attorney General directed be referred to him. *See Matter of B-Z-R-*, 28 I. & N. Dec. 424 (A.G. 2021). The motion to remand in light of the Attorney General's decision is DENIED.