# United States Court of Appeals for the Fifth Circuit

No. 22-60044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2023

Lyle W. Cayce
Clerk

Henok Hundessa Jola,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 911 845

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

Henok Hundessa Jola, a native and citizen of Ethiopia, seeks review of a decision of the Board of Immigration Appeals denying his motion to reopen his immigration proceedings.

Review of a motion to reopen is disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, we review such denials under a

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60044

"highly deferential abuse of discretion standard." *Id.* This standard requires a ruling to stand, even if we conclude that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

The Board did not abuse its discretion by denying Jola's motion. A successful motion to reopen must be based on evidence that is both material and previously unavailable. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Here, Jola has not shown that evidence relating to translation errors was previously unavailable. Nor has he shown that the new evidence he submitted with his motion materially relates to the specific negative credibility factors that initially doomed his claim. And while Jola disputes the merits of the negative credibility factors directly, those arguments are not properly before us. *See Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006).

Jola also has not shown that reopening is warranted based on the actions of his prior counsel. Ineffective assistance requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018) (internal quotation marks and citation omitted). Here, Jola has not shown that the actions of his prior counsel directly relate to the specific negative credibility factors that the Board relied on.

Jola's petition is DISMISSED in part and DENIED in part.