# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2025

Lyle W. Cayce
Clerk

No. 25-60110
Summary Calendar

———————

Vladimir Romanenko,

*Petitioner,*

*versus*

Pamela Bondi, *U.S. Attorney General,*

*Respondent.*

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A240 322 768

———————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges.*

Per Curiam:[*]

Vladimir Romanenko, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen. (He did not appeal the IJ's 31 August 2022 order of removal.) He asserts he established eligibility for reopening due to: changed country conditions; ineffective

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60110

assistance of counsel (IAC); and a prejudicial violation of his due process rights. As an additional basis to justify reopening, he contends the BIA erred by failing to consider his claim for relief under the Convention Against Torture (CAT).

Motions to reopen are "particularly disfavored". *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, our court reviews the BIA's denial of such motions "under a highly deferential abuse-of-discretion standard". *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (citation omitted). This standard requires the denial to stand unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Nguhlefeh Njilefac*, 992 F.3d at 365 (citation omitted). Romanenko fails to meet this "highly deferential" standard of review.

Regarding his changed-country-conditions contention, Romanenko was required to show evidence of a "*material* rather than *incremental* change in country conditions between the time of the removal hearing and the filing of the motion to reopen". *Inestroza-Antonelli v. Barr*, 954 F.3d 813, 816 (5th Cir 2020) (emphasis added). The BIA determined he did not establish the requisite material change in circumstances, based in large part on the fact that Russia's conflict with Ukraine had been ongoing since Romanenko's original merits hearing. His evidence describing Russia's mobilization of troops and increased requirements for military service in the interim between his merits hearing and motion to reopen shows only incremental changes in the Ukrainian-Russian war. Accordingly, the BIA did not abuse its discretion by rejecting his motion based on his claim of changed country conditions.

Turning to his IAC claim, he was required to show both that counsel's performance was deficient, and the deficient performance prejudiced him.

*E.g.*, *Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 691 (1984)). To demonstrate prejudice, petitioner must show a reasonable probability that the result of the proceeding would have been different were it not for counsel's mistakes. *E.g. id.* Romanenko fails to establish prejudice because the points on which he relies do not show the persecution required to establish eligibility for asylum and withholding of removal, nor do they show he is likely to be targeted for torture if repatriated. *See, e.g.*, *id.*; *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (persecution must be on account of a protected ground); *Morales v. Sessions*, 860 F.3d 812, 817–18 (5th Cir. 2017) (failure to establish eligibility for asylum is dispositive of withholding claim). Because he has not shown his original proceedings would have ended differently but for counsel's acts of which he now complains, the BIA did not abuse its discretion by rejecting his motion based on his IAC claim.

Romanenko raises a due-process claim based on the purported prejudice he suffered because he did not receive Respondent's opposition to his motion to reopen prior to the IJ's ruling on it. This contention fails because he does not show this error affected the outcome of that motion. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) ("To prevail on a due process claim, an alien must make an initial showing of substantial prejudice by making a *prima facie* showing that the alleged violation affected the outcome of the proceeding." (citation omitted)).

Finally, to the extent he seeks relief based on the BIA's failure to consider his CAT claim, the record shows Romanenko did not raise an independent CAT claim in his original motion to reopen nor on appeal before the BIA, but instead presented the claim as a subset of his changed-country-conditions and IAC claims. As discussed *supra*, the BIA did not abuse its discretion by rejecting his motion on these grounds. Accordingly, the BIA did not err by not considering his CAT claim. *E.g.*, *Abubaker Abushagif v.*

No. 25-60110

*Garland*, 15 F.4th 323, 330 (5th Cir. 2021) (To succeed on a motion to reopen, petitioner must make a *prima facie* showing of eligibility for the relief sought.)

DENIED.