# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2025

Lyle W. Cayce
Clerk

————————

No. 25-60061
Summary Calendar

————————

Edwin Vladimir Bonilla Alferez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A095 068 103

————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Edwin Vladimir Bonilla Alferez petitions for review of the denial of his motion to reopen by the Board of Immigration Appeals (BIA). We review such denials under a "highly deferential abuse-of-discretion standard" and will uphold the BIA's decision if it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it

—————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60061

is arbitrary rather than the result of any perceptible rational approach." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (citation omitted).

It is undisputed that Bonilla-Alferez's motion, filed 16 years after he was ordered removed in 2008, was untimely. Bonilla-Alferez argues, however, that the filing deadline should be equitably tolled because he received ineffective assistance of counsel (IAC) in his previous proceedings. Although IAC may constitute an extraordinary circumstance preventing timely filing, *see Diaz v. Session*, 894 F.3d 222, 226-27 (5th Cir. 2018), Bonilla-Alferez does not dispute the BIA's determination he failed to comply with the IAC requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Further, he does not address the BIA's conclusion that he failed to show he pursued his rights diligently. *See Diaz*, 894 F.3d at 226-27. The BIA therefore did not abuse its discretion in rejecting his equitable tolling argument. *See id.*

Bonilla Alferez also seeks to re-apply for protection under the Convention Against Torture (CAT) based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Nunez*, 882 F.3d at 508-09. The BIA determined, however, that Bonilla Alferez had at most shown an incremental, rather than a material, change in conditions, and had not demonstrated prima facie eligibility for CAT relief. He fails to show error in these determinations. The petition for review is therefore DENIED.