# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2026

Lyle W. Cayce
Clerk

No. 25-60561
Summary Calendar

————————

Marlon Julian Pina Gonzalez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 940 253

————————————————————

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Marlon Julian Pina Gonzalez, a native and citizen of Cuba, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. The BIA denied the motion as untimely and not subject to equitable tolling because Pina Gonzalez did not

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

show ineffective assistance of counsel ("IAC"). After reviewing the record, we deny the petition for review.

Pina Gonzalez obtained lawful permanent resident status in 2011. But because he was later convicted of credit card abuse—a crime involving moral turpitude—the Department of Homeland Security served him with a notice to appear charging inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Pina Gonzalez applied for cancellation of removal under 8 U.S.C. § 1229b(a), but the immigration judge granted the Department's motion to pretermit Pina Gonzalez's application because he was statutorily ineligible for relief under that provision. The BIA summarily dismissed Pina Gonzalez's appeal of the immigration judge's order.

Fifteen months later, Pina Gonzalez moved to reopen the proceedings. Pina Gonzalez argued that his counsel was ineffective because he applied for relief under § 1229b(a) without advising Pina Gonzalez that he could apply for a waiver of inadmissibility under § 1182(h). Under that provision, an immigrant can apply for a waiver of inadmissibility if he is "the spouse, parent, son, or daughter" of a United States citizen and his "denial of admission would result in extreme hardship to the United States citizen." 8 U.S.C. § 1182(h)(1)(B). Pina Gonzalez argued he was "prima facie eligible" for a waiver of inadmissibility because one of his sons—a United States citizen—has Crohn's disease, and his symptoms would "likely intensify" if Pina Gonzalez were removed. Although Pina Gonzalez acknowledged that motions to reopen must be filed within ninety days of the final administrative decision, 8 C.F.R. § 1003.2(c)(2), he argued that the deadline should be equitably tolled because of his counsel's ineffectiveness.

The BIA denied the motion to reopen. The BIA determined that Pina Gonzalez had not demonstrated his eligibility for a waiver of inadmissibility because he did not show that his removal would cause his son extreme

hardship. Pina Gonzalez did not aver that he could not financially support his family from Cuba or that his removal would impact his son's medical treatment. Thus, the BIA found, Pina Gonzalez had not shown "uncommon or atypical results of removal" that would constitute extreme hardship. Because he could not show eligibility for a waiver of inadmissibility, he likewise could not show that his counsel was ineffective for failing to apply for a waiver. Accordingly, the BIA declined to equitably toll the deadline and denied the motion to reopen as untimely. Pina Gonzalez timely filed a petition for review.

In his petition, Pina Gonzalez reiterates his IAC claim and again asserts that the deadline to file a motion to reopen should be equitably tolled. We have jurisdiction over this petition "to the extent it raises a claim of IAC—which is a constitutional claim presenting questions of law." *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018); *see* 8 U.S.C. § 1252(a)(2)(D). We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). "Factual findings are reviewed for substantial evidence and legal conclusions are reviewed *de novo*." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021).

To equitably toll the ninety-day deadline to file a motion to reopen, "a litigant must establish (1) that he pursued his rights diligently and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Diaz*, 894 F.3d at 226 (quoting *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016)). We assume that a valid IAC claim—which requires a litigant to show "(1) that his counsel was constitutionally deficient and (2) that he is prejudiced thereby"—would constitute an extraordinary circumstance preventing timely filing. *Id.* at 227–28. To establish prejudice, a litigant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

No. 25-60561

different." *Id.* at 228 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

The BIA did not abuse its discretion in denying the motion to reopen. The evidence supported the BIA's determination that Pina Gonzalez's son, despite his Crohn's disease, would not experience extreme hardship if Pina Gonzalez were removed. Pina Gonzalez produced no evidence showing that he could not financially support his family from Cuba, that his family's standard of living would be diminished, or that his son's medical treatment would be impacted. These facts support the conclusion that Pina Gonzalez could not have obtained a waiver of inadmissibility even if his counsel had advised him to apply for one. *See* 8 U.S.C. § 1182(h)(1)(B). Thus, Pina Gonzalez did not establish the prejudice necessary for a successful IAC claim, which was the only basis for his equitable tolling argument. Accordingly, the BIA did not err by denying Pina Gonzalez's motion to reopen as untimely. *See Diaz*, 894 F.3d at 228.

The petition for review is DENIED.