# United States Court of Appeals
# for the Fifth Circuit

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2026

Lyle W. Cayce
Clerk

No. 25-60390
Summary Calendar

———————————

Franklin David Galindo-Borjas,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 020 770

———————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Franklin David Galindo-Borjas, a native and citizen of Honduras, entered the United States without admission or parole and subsequently was charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i).  The Immigration Judge (IJ) denied his motion for cancellation of removal, and the Board of Immigration Appeals (BIA) dismissed his appeal as untimely and denied a

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60390

subsequent motion to reconsider that decision. Galindo-Borjas now petitions for review of the BIA's denial of his motion to reopen as untimely.

Galindo-Borjas argues the BIA erred in denying his motion to reopen because he satisfied the requirements for equitable tolling of the filing deadline, specifically that he exercised due diligence in pursuing his rights. However, given that nearly eight months passed between the denial of his motion to reconsider and the filing of his motion to reopen, Galindo-Borjas has not demonstrated that the BIA abused its discretion in declining to apply equitable tolling and denying his motion to reopen. *See Diaz v. Sessions*, 894 F.3d 222, 226-27 (5th Cir. 2018); *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018).

In addition, Galindo-Borjas claims we should review his claims de novo, rather than for abuse of discretion, because his underlying challenge involves a due process violation. However, we have held that due process considerations do not apply to motions to reopen proceedings. *See Garcia Morin v. Bondi*, 152 F.4th 626, 635 (5th Cir. 2025), *petition for cert. filed* (U.S. Dec. 10, 2025) (25-693).

The petition for review is DENIED.