**Reynaldo BALBOA–LONGORIA, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60811.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 27, 2006.

Paula Sue Waddle, South Texas Immigration Council, Harlingen, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, E.M. Trominski, District Director, U.S. Immigration & Naturalization Service District Directors Office, Harlingen, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, Rene Carlo Benavides, U.S. Attorney's Office Southern District of Texas, McAllen, TX, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Petitioner Reynaldo Balboa–Longoria petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying his request for cancellation of removal. Respondent Alberto R. Gonzales moves for summary disposition, arguing that Petitioner's claims are foreclosed by our recent decision in *Salazar–Regino v. Trominski*, 415 F.3d 436 (5th Cir.2005).

Petitioner is a native and citizen of Mexico who was convicted in Texas state court of possession of marijuana. After the former Immigration and Naturalization Service ("INS") initiated removal proceedings pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), he conceded removability and requested cancellation of removal under 8 U.S.C. § 1229b(a).

The immigration court concluded that Petitioner was not eligible for such discretionary relief because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3) (alien ineligible for cancellation of removal if "convicted of any aggravated felony"); *United States v. Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir. 2001) (state felony drug possession conviction constitutes an "aggravated felony" for purposes of removal). The BIA affirmed without opinion.

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Texas, alleging that the removal order violates the laws and Constitution of the United States. Upon motion, the district court transferred the case to this court. In accordance with the Real ID Act, we treat this action as a timely petition for review of the BIA's final order of removal. *See Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir.2005) (stating that "[t]he REAL ID Act requires district courts to transfer any pending habeas cases to the appropriate court of appeals," and noting that the court of appeals should treat "transferred case[s] as if [they] had been filed pursuant to a petition for review"); *see also* Real ID Act, Pub. L. No. 109–13, § 106(c), 119 Stat. 231, 311 (2005) (converted petitions shall not be subject to the thirty-day filing deadline ordinarily applicable to petitions for review).

Summary disposition is appropriate in at least two circumstances: (1) where time is of the essence; and (2) where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.1969).

Respondent asserts that the issues and arguments in this case "have been decided by *Salazar–Regino* " and, thus, there is no substantial question as to the outcome of the case. Petitioner does not dispute that *Salazar–Regino* rejected the claim of error he asserts here; namely, that his state conviction for possession of marijuana may not be considered an "aggravated felony" that renders him ineligible for cancellation of removal. *See Salazar–Regino*, 415 F.3d at 448 (rejecting the argument that "aggravated felony" does not include, for im-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

migration purposes, "a drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2)); *id.* at 448–49 (rejecting the argument that petitioners' due process rights were violated by retroactive application of a judicial decision); *id.* at 451–52 (rejecting the argument that removal violated the Equal Protection Clause because of a difference in the timing and location of proceedings); *id.* at 452 (finding an argument based on international law waived). Rather, he contends that "summary decision on this case would result in overlooking legal arguments" that were not presented in *Salazar–Regino.*

The relief Petitioner seeks would require us to act contrary to prior precedent. However, one panel of this court cannot overrule a prior panel decision. *See id.* at 448 (court obliged to follow the panel decision in *Hernandez–Avalos*); *Dahl v. Akin,* 630 F.2d 277, 282 n. 4 (5th Cir.1980) ("[I]n this Circuit, one panel cannot overrule another"); *Williams v. Blazer Fin. Servs., Inc.,* 598 F.2d 1371, 1374 (5th Cir.1979) (holding "[a]bsent En Banc reconsideration, we are bound by" prior decisions of this Circuit). Because we are obliged to follow *Salazar–Regino,* there is no substantial question as to the outcome of this case and summary disposition is appropriate. *See NLRB v. Evans Plumbing Co.,* 639 F.2d 291, 292 n. 1 (5th Cir.1981).

Respondent's motion for summary affirmance is GRANTED and the Petition for Review DENIED. Petitioner's request that the instant matter be abated until the appeals in *Salazar–Regino* have been exhausted is DENIED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.