# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2022

Lyle W. Cayce
Clerk

No. 20-61162

Bobby Onyeka Eneugwu; Odera Obinna Eneugwu,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A078 555 678; A078 555 679

Before Jones, Southwick, and Ho, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:

Two brothers from Nigeria petition this court to overturn the Board of Immigration Appeals' refusal to allow their removal proceedings to be reopened. They argue their counsel's ineffectiveness caused their application for asylum and other relief to be incomplete and therefore denied, and that counsel's failures constituted extraordinary circumstances justifying reopening of their removal proceedings. We disagree and deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 1997, Bobby Onyeka Eneugwu and Odera Obinna Eneugwu, brothers who are natives of Nigeria, were admitted into the United

States on tourist visas with permission to remain in the United States until May 19, 1998. They have remained in the United States until now without permission. In March 2009, the Department of Homeland Security ("DHS") issued Notices to Appear ("NTA") to the Eneugwus, charging them as removable under 8 U.S.C. § 1227(a)(1)(B) as noncitizens who remained in the United States for a time longer than permitted. The Eneugwus failed to appear at the Immigration Court hearing in December 2009 and, accordingly, were ordered removed *in absentia*.

In September 2012, attorney Michael Mattson entered an appearance on behalf of the Eneugwus, filed an admission of the factual allegations set forth in each NTA, and conceded the charges of removability. In December 2012, Mattson moved to withdrew after being informed the Eneugwus would be seeking other counsel. It was not until April 2015, though, that an Immigration Judge ("IJ") granted Mattson's motion to withdraw.

Thereafter, the Eneugwus proceeded *pro se* at IJ hearings on December 12, 2017, and on March 21, 2018. At the March 2018 hearing, the Eneugwus filed individual applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At that hearing, the IJ provided the Eneugwus with "biometrics instructions, advised [them] of the importance of having their fingerprints taken, advised them to request a fingerprint appointment right away, detailed, in depth, the process for requesting a fingerprint appointment, and warned [them] that the failure to have their fingerprints taken prior to the merits hearing would lead to their applications being denied."

A merits hearing was held on March 25, 2019. Attorney Patrick Chukwu entered his appearance on behalf of the Eneugwus. The IJ asked if the Eneugwus had submitted their biometrics request to the address listed in the biometrics instructions previously provided to them. The Eneugwus answered they had not done so because their attorney did not tell them to have

their fingerprints taken.  The IJ then played the recording of the March 2018 hearing, where the IJ had stated the importance of and the process for fingerprinting.  The IJ found no good cause for the Eneugwus' failure to provide their fingerprints, deemed the Eneugwus' applications abandoned, and ordered the Eneugwus' removal to Nigeria.  The Eneugwus did not appeal.

In August 2019, the Eneugwus, through new counsel, filed a motion to reopen on the grounds of ineffective assistance of counsel.  Specifically, the Eneugwus alleged Chukwu was ineffective when he failed to remind them of the biometrics requirement and failed to submit their I-589 applications.  Further, the Eneugwus claimed that, but for Chukwu's failure to provide effective assistance, they would have been afforded a hearing on the merits.

The IJ found the Eneugwus' motions were untimely filed and not subject to equitable tolling.  As to their claim that Chukwu failed to file their I-589 applications, the IJ found the Eneugwus had already filed applications they completed on March 21, 2018, and that they failed to show how the subsequent applications substantively differed from the applications already filed with the court.  Regarding the claim that Chukwu failed to notify the Eneugwus of the biometrics requirement, the IJ found the Eneugwus "were aware of the need to have their fingerprints taken prior to their merits hearing and that their failure to do so would lead to the denial of their applications."

As to counsel's effectiveness, the IJ concluded the Eneugwus failed to show Chukwu was ineffective or that his actions were prejudicial to their cases.  Therefore, their due process claims failed.  Further, the IJ concluded the Eneugwus failed to establish some extraordinary circumstance prevented timely filing of their motions.  Accordingly, the IJ determined equitable tolling would not apply to their untimely motions.  Given its rejection of the Eneugwus' ineffective assistance of counsel claims, the IJ found no basis to reopen the case *sua sponte*.  The Eneugwus filed an appeal to the Board of Immigration Appeals ("BIA").

The BIA stated the Eneugwus did not contest the untimeliness of the motion to reopen. As to equitable tolling based on ineffective counsel, the BIA agreed with the IJ's findings that the Eneugwus failed to establish Chukwu provided ineffective assistance. Further, the BIA agreed the Eneugwus failed to show exceptional circumstances justifying a *sua sponte* reopening. The BIA dismissed the appeal.

One member of the BIA dissented, disagreeing with the IJ's findings regarding the assistance of counsel. The dissent considered that the Eneugwus retained an attorney to help them pursue all their claims. Their attorney gave them a list of actions they needed to take in preparation for their merits hearing, but the list did not include complying with the fingerprint requirement. According to the dissent, Chukwu's failure to remind the Eneugwus of the fingerprint requirement, after assuming responsibility for their case, constituted ineffective assistance. The dissent also found the ineffective assistance resulted in prejudice because it deprived the Eneugwus of a full hearing on their applications for relief.

The Eneugwus timely filed a petition for review.

## DISCUSSION

The Eneugwus argue the BIA abused its discretion in affirming the IJ's denial of their motions to reopen based on ineffective counsel and in refusing to reopen the proceedings *sua sponte*.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). The decision will stand unless it is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (quotation marks and citation omitted). The BIA's legal conclusions are reviewed *de novo*; while we look for substantial evidence to support fact findings, we will reverse only "when the record compels a

different finding." *Garcia v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022) (quotation marks and citation omitted). Relevant here, "[ineffective assistance of counsel] is a constitutional claim that involves a mixed question of law and fact." *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018) (quotation marks and citation omitted).

## I.     *Equitable tolling*

The Eneugwus contend the BIA abused its discretion in affirming the IJ's denial of their motion to reopen as untimely, because they showed the deadline should have been equitably tolled. Generally, an alien may file only one motion to reopen removal proceedings; it must be filed within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The numerical limitation and time period are subject to equitable tolling. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 343–44 (5th Cir. 2016).

An alien is entitled to equitable tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 344 (quotation marks and citation omitted). Equitable tolling only applies in "rare and exceptional circumstances." *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005) (quotation marks). It is not invoked by a "garden variety claim of excusable neglect." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (quotation marks).

We need not decide if ineffective assistance of counsel would be an extraordinary circumstance justifying equitable tolling of the deadline for seeking reopening. *See Diaz*, 894 F.3d at 227. That is because there has been no argument that the untimeliness of the motion to reopen was the result of ineffectiveness of counsel. The dissenting member of the BIA found ineffectiveness for failure to ensure, or at least remind, about the need for biometrics information. Even if so, the later failure to move within the time to reopen was not caused by that shortcoming. The failure to move in timely fashion to

reopen was an independent basis for the BIA to deny relief. We need not consider the issue of ineffective counsel as to the biometrics information.

The Eneugwus have not shown any basis for equitable tolling of the filing deadline for reopening.

## II.    *BIA's denial of the motion to reopen* sua sponte

The Eneugwus seek review of the BIA's decision to deny their motion to reopen their removal proceedings *sua sponte*. We do not have "jurisdiction to review the BIA's discretionary decision not to invoke its *sua sponte* authority to reopen a case because there is no legal standard against which to judge that decision." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (quotation marks and citation omitted).

The Eneugwus contend our refusal to review denials of *sua sponte* reopening of proceedings are "erroneous in light [of] the U.S. Supreme Court's controlling reasoning in *Dada v. Mukasey*, 554 U.S. 1 (2008), *Heckler v. Chaney*, 470 U.S. 821 (1985), *Kucana v. Holder*, 558 U.S. 233 (2010), and *Mata v. Lynch*," 576 U.S. 143 (2015). The two most recent of the cited Supreme Court opinions expressly declined to reject the position of this court and of other circuits that refusal to reopen *sua sponte* is not reviewable. *See Mata*, 576 U.S. at 148; *Kucana*, 558 U.S. at 251 n.18. We conclude these Supreme Court opinions do not undermine our holdings that we do not have jurisdiction to review refusals to reopen *sua sponte*.

The petition for review is DENIED in part, and to the extent it asserts error when the BIA refused to reopen *sua sponte*, the petition is DIS-MISSED.