# United States Court of Appeals for the Fifth Circuit

---

No. 23-60052
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2023

Lyle W. Cayce
Clerk

Muhammad Arsalan Zafar,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A096 602 139

---

Before Stewart, Willett, and Douglas, *Circuit Judges.*

Per Curiam: [*]

Muhammad Arsalan Zafar, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' denial of his motion to reopen his immigration proceedings sua sponte. Zafar asserts he is not seeking to overturn the Board's decision. Rather, he asks us to remand his case to the Board and instruct it to set cognizable standards for assessing motions to reopen sua sponte. The Government moves to dismiss the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

petition for lack of jurisdiction or, alternatively, for summary affirmance.

We agree with the Government that we lack jurisdiction to reach Zafar's arguments on the denial of his motion to reopen proceedings sua sponte. *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019); *Eneugwu v. Garland*, 54 F.4th 315, 319–20 (5th Cir. 2022). Accordingly, we GRANT IN PART the Government's motion to dismiss and DISMISS IN PART the petition for review.

We do, however, have jurisdiction to consider constitutional questions arising from such motions. *See Mejia*, 913 F.3d at 490. To the extent Zafar argues that the lack of governing standards violates his due process rights, this argument is foreclosed by circuit precedent as "no liberty interest exists in a motion to reopen." *Id.* Accordingly, summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see also Balboa-Longoria v. Gonzales*, 169 F. App'x 383, 384–85 (5th Cir. Feb. 27, 2006). Thus we further GRANT the Government's alternative request for summary affirmance and DENY IN PART the petition.