# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

Lyle W. Cayce
Clerk

—————————

No. 23-60184
Summary Calendar

—————————

Nitesh Chhetri,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

—————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 755 304

—————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Nitesh Chhetri, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen. Motions to reopen are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, we review the BIA's denial of such motions "under a highly deferential abuse-of-

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). Under this standard, we will affirm unless the agency's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted). Chhetri has not met this standard.

He shows no error in connection with the BIA's determination that he had not shown that he was prejudiced by counsels' alleged deficiencies and, concomitantly, shows no error in the BIA's conclusion that he had not shown he was eligible for equitable tolling. *See Eneugwu v. Garland*, 54 F.4th 315, 319 (5th Cir. 2022); *Diaz v. Sessions*, 894 F.3d 222, 227-28 (5th Cir. 2018). Because he does not make the prejudice showing, we need not consider his arguments concerning diligence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

As the Respondent notes, Chhetri failed to exhaust his claims concerning translation issues and whether the attorney who represented him in his first appeal should have raised ineffective assistance issues. Because the Respondent raises exhaustion, we will enforce this claim-processing rule and decline to consider these issues. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023). The petition for review is DENIED.