# United States Court of Appeals for the Fifth Circuit

No. 22-60670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2023

Lyle W. Cayce
Clerk

Sandrah Ache Tegwi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 315 740

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Sandrah Ache Tegwi, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion for reconsideration; and, on remand, again denying her motion to reopen. (Tegwi's briefing challenges only the denial of her motion to reopen. She makes no assertions concerning the denial of her motion to reconsider;

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60670

therefore, she has abandoned any challenges to denial of that motion. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

The remand was pursuant to our court's granting the parties' joint motion to remand for the BIA to consider whether Tegwi had a viable claim for ineffective assistance of counsel (IAC). Tegwi, in pertinent part, maintains the BIA erred in ruling she failed to show she was prejudiced by her former attorney's decision not to challenge an adverse-credibility ruling in her appeal to the BIA from an order of the Immigration Judge denying her application for asylum, withholding of removal, and protection under the Convention Against Torture.

Because motions to reopen are "disfavored", their denial is reviewed under "a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citations omitted). This standard requires a ruling to stand so long as "it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted).

To succeed on her IAC claim, Tegwi must show: counsel's performance was constitutionally deficient; and the deficiency prejudiced her. *E.g.*, *Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018). She has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding[s] would have been different"; accordingly, the BIA did not abuse its discretion. *Id.* (citation omitted).

Because Tegwi's IAC claim is dispositive, we need not consider her remaining contentions regarding her entitlement to relief. *E.g.*, *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

DENIED.

2